REQUESTED BY: Dear Senator Warner:
In your letter of March 9, 1979, you requested our opinion in respect to a number of legislative bills dealing with the granting of funds to Nebraska cities, counties and villages for the construction of grain alcohol production plants and facilities. Generally, you have posed the question of whether this legislation transgresses the constitutional limitations found at Article XIII, section 3 of the Nebraska Constitution.
The primary legislation noted in your letter is LB 424, enacted by the 1978 Legislature, which is known as the Nebraska Gasohol and Energy Development Act as codified at section 66-801, et seq., R.S.Supp. 1978. At section 66-808, this act provides that any Nebraska city, county or village may apply for certain grants for the purpose of constructing a grain alcohol plant or production facility.
LB 121, also questioned by your letter, provides for an appropriation of two million five hundred thousand dollars from the general fund to finance this matching grant program.
Also addressed in your correspondence is LB 558, which provides at section 51 that the Agricultural Products Industrial Utilization Committee is authorized to award grants to implement gasohol plants in support of the intended goals of LB 424.
Finally, you ask up to review LB 571 which authorizes the Nebraska Department of Economic Development to enter into agreements with municipalities or counties to build and develop grain alcohol plants and production facilities. LB 571 further provides for amendments to section 39-2215, R.R.S. 1943, which generally increase motor fuel taxes in order to finance a grain alcohol plant fund.
Your question to us in light of the legislation discussed above is set forth as follows:
 ". . . Whether LB 424 (1978), LB 121, LB 558, . . . and LB 571 are constitutional in light of Article XIII, Section 3, of the State Constitution. . ."
Article XIII, section 3 of the Nebraska Constitution provides, in pertinent part, as follows:
 "The credit of the state shall never be given or loaned in aid of any individual, association, or corporation, . . ."
Essentially, this constitutional provision has been interpreted to prohibit the credit of the state to be extended to any private party. The prohibition against the loaning of the state's credit applies to the state as well as all political subdivisions of the state. State ex rel. Beck v.City of York, 164 Neb. 223, 82 N.W.2d 269 (1957).
As you know, LB 424, the Nebraska Gasohol and Energy Development Act, has been enacted into law as set out at section 66-801, et seq., R.S.Supp. 1978. Around the time of its enactment, the same question raised in your letter was presented to our office by Governor J. James Exon. On April 19, 1978, we advised the Governor that, while LB 424 may raise questions of constitutionality in its application by the various state bodies and municipalities involved, we believed the legislation to be constitutional on its face in light of the limitations of Article XIII, section 3. We have enclosed herewith our correspondence with the Governor on that question. (Consistent with our policy of obtaining the Governor's consent prior to the public release of such an opinion, we have been advised by Senator Exon's office that the Senator has no objections to our release of this opinion.)
LB 121 merely provides an appropriation for the purpose of financing the grain alcohol plant construction fund. To the extent that we believe that the substantive legislation, LB 424, could survive a constitutional challenge, we also believe that LB 121 does not exceed the limitations of ArticleXIII, section 3 of the Nebraska Constitution. We would note, parenthetically, that a separate appropriation bill such as LB 121 was necessary to fund the existing legislative program, as noted by our opinion to the Agricultural Products Industrial Utilization Committee on May 8, 1978. (See 1978 Report of the Attorney General, No. 241, a copy of which is enclosed herewith).
Section 51 of LB 558 simply authorizes the Agricultural Products Industrial Utilization Committee to award grants and implement the provisions of LB 424. Again, our opinion on the constitutionality of this provision is directly related to our previously cited views in regard to LB 424.
Finally, you question the provisions of LB 571 which authorize the Department of Economic Development to enter into agreements with counties and municipalities to develop grain alcohol plants and production facilities. As we noted in our opinion on LB 424, the legislation, on its face, does not appear to lend the credit of the state to private individuals, associations or corporations contrary to the constitutional provisions of Article XIII, section 3. However, we again caution that simply because a bill appears constitutional on its face does not mean that the legislation would be constitutional in all of its possible applications. As we noted in our earlier opinion:
 ". . . Serious constitutional questions under Article XIII, section 3, would arise, for instance, if the grant would be made to a city, county, or village so that it could construct a plant . . . whereby the benefit of the grant would directly benefit a private corporation leasing or purchasing the plant from the city, county or village. In such a case, it could be argued that the state is indirectly lending its credit to the private corporation."
Similarly, while the state may be empowered to cooperate or contract with cities and counties in carrying out legitimate public purposes, such as provided by section72-1401, et seq., R.S.Supp. 1976, the state and its political subdivisions must exercise great caution in avoiding the extension of the public credit or funding to any private individuals, associations or corporations.
In summary, it is our opinion that the legislation referenced above does not, on its face, violate the provisions of Article XIII, section 3 of the Nebraska Constitution. However, we trust that our additional comments in qualification of this opinion will serve to alert the state, county and municipal officials entrusted to implement this legislation that great precaution must be taken to avoid any extension of the public credit or funding to the aid of private parties.